# Exhibit A




ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058

**9214 8901 0661 5400 0155 8663 28**

**RETURN RECEIPT (ELECTRONIC)**

**CL-20-1230-B**

COMMUNITY DEVELOPMENT INSTITUTE HEAD START
CORPORATION SERVICE COMPANY
D/B/A CSC - LAWYERS INCO
211 E 7TH STREET SUITE 620
**AUSTIN, TX  78701**

CUT / FOLD HERE

Zone 3

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.91

**CAUSE NO. CL-20-1230-B**

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    COMMUNITY DEVELOPMENT INSTITUTE HEAD START
       BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
       D/B/A CSC-LAWYERS INCO
       211 E. 7TH STREET, SUITE 620
       AUSTIN, TX  78701
       OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #2 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 3rd day of March, 2020 in this Cause Numbered CL-20-1230-B on the docket of said Court, and styled,

**NARCISA TREVINO**
vs.
**COMMUNITY DEVELOPMENT INSTITUTE HEAD START**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Narcisa Trevino's Original Petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
       CINDY A. GARCIA
       THE LAW OFFICE OF CINDY A GARCIA PC
       1113 NIGHTINGALE AVENUE
       MCALLEN TEXAS 78504

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 23rd day of October, 2020.



ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #2

BY _____ DEPUTY
         DANIELA BLANCO

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
        Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

        Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with
a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the
Plaintiff's Petition, at the following
Date, time, and place, to-wit:

        NAME _____ DATE _____ TIME _____ PLACE _____

        By: _____      By: _____
             CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
        Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and
time(s), but to no avail:

        NAME _____ DATE _____ TIME _____ PLACE _____

        NAME _____ DATE _____ TIME _____ PLACE _____

        NAME _____ DATE _____ TIME _____ PLACE _____

        By; _____      By: _____
             CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,<br>CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If
the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be
signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in
substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____, 20____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CAUSE NO. **CL-20-1230-B** _____

| | | |
|---|---|---|
| **NARCISA TREVINO,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **AT LAW NO.** |
| **COMMUNITY DEVELOPMENT** | § | |
| **INSTITUTE HEAD START** | § | |
| *Defendant* | § | **HIDALGO COUNTY, TEXAS** |

---

## PLAINTIFF NARCISA TREVINO'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

**COMES NOW, NARCISA TREVINO** (hereinafter referred to as Plaintiff) complaining of **COMMUNITY DEVELOPMENT INSTITUTE HEAD START,** (hereinafter referred to as the "Defendant" or the "Defendant employer") and for such causes of action would respectfully show unto the Court and the Jury as follows:

### I.
### Discovery Level

1.1     Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190.

### II.
### Parties

2.1     Plaintiff, **NARCISA TREVINO**, is an individual residing in Mission, Hidalgo County, Texas.

2.2     Defendant **COMMUNITY DEVELOPMENT INSTITUTE HEAD START**, is an organization of social concern with its principal place of business, for the purposes of this action in Donna, Texas and may be served by serving its registered agent as follows:

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-1230-B

**Corporation Service Company**
**d/b/a CSC – Lawyers Inco**
**211 E. 7th Street, Suite 620**
**Austin, Texas 78701**

2.3     Service of citation is requested *Via Certified Mail, Return Receipt Requested.*

### III.
### Venue and Jurisdiction

3.1     Venue is proper in Hidalgo County, Texas in that the incident made the basis of this cause of action occurred in part in Hidalgo County, Texas.

### IV.
### Administrative Procedures

4.1     Within 180 days of the occurrence of the acts complained of, Plaintiff filed her initial complaint with the Texas Workforce Commission - Civil Rights Division, formerly known as the Texas Commission on Human Rights alleging that the Defendant employers had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act (sometimes hereinafter referred to as the "TCHRA").  The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows:

Formal Complaint Filed:          May 2, 2019

Notice of Right to File A
Civil Action Letter Received:     January 13, 2020

4.2     On January 13, 2020, Plaintiff received from the Texas Workforce Commission - Civil Rights Division, formerly known as the Texas Commission on Human Rights, Plaintiff's Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within sixty days of its receipt.  Plaintiff's statutory claims have been filed within sixty days of its receipt.  A copy of this notice is attached as Exhibit **"A"** and is incorporated for all purposes by reference.  Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

administrative requirements set forth by law.  All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
### Factual Background

5.1     On or about June 1, 2018, Plaintiff was initially employed by Community Development Institute Head Start as a Center Supervisor.  During her time of employment with Defendant, she performed all her duties with dedication, hard work and undivided loyalty, earning approximately $42,848.80 annually.

5.2     On or about November 2018, Plaintiff received a phone call form Criselda Cuevas Regional Administrator from Regional Office asking her to report to regional office, because they had allegedly received an anonymous call from someone stating that Plaintiff and others were not following the proper loading and unloading procedure. During the meeting Plaintiff learned that Criselda Cuevas and Marianna Sanchez, Interim Education Manager had been surveilling Plaintiff and her core staff from a distance away from the center by using their cars for four consecutive days and accusing Plaintiff and her core staff with not properly assisting with the loading and unloading of the children on and off the bus.

5.3     As a supervisor, Plaintiff inquired with Ms. Cuevas regarding their concern, asking her if they were very concerned for the safety of the children, why she or Marianna had not stopped them on the very first day they learned of it rather than having waited until four days to bring it to Plaintiff's attention. She responded stating that she wanted to see if Plaintiff and her staff were really following the proper safety procedures. She stated, "Well you were not following it and your core team was not assisting". During the meeting she threatened Plaintiff by stating to her that she could not disclose who on staff made the anonymous call, because that could be considered retaliation against that person. Plaintiff already knew that it was Jovita Cardoza, Education

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

Specialist who had made that call.  Plaintiff learned of it when another teacher went to her and advised her.  Plaintiff, however, knew she couldn't do anything about it because it could have been taken as a form of retaliation against Ms. Cardoza.

5.4    After the discussion had taken place, on or about November 26, 2018, Ms. Alecia Jackson Lead Manager, Criselda Cuevas and Marianna Sanchez visited the center, and had a meeting with Plaintiff and her core team.  Mrs. Alecia took the lead at the meeting and stated why they were having the meeting.  She mentioned the anonymous call received, explaining to Plaintiff and the team the importance of communication and everyone's participation during the proper unloading and loading of the children on and off the bus.

5.5    After the meeting, Mrs. Alecia, Mrs. Cuevas, Marianna met with Plaintiff in Plaintiff's office, and mentioned to her that the person that did the anonymous call said that Plaintiff was not communicating with her staff.  She added that the caller stated the staff was afraid to come into Plaintiff's office because they didn't feel comfortable talking to her. Plaintiff explained to them how she, as a Center Supervisor, explained to her staff that her office door is always open for them at all times. During this meeting they gave Plaintiff NPIN stating that she was going to be placed in NPIN for three month and was going to end on February 2019.

5.6    Before Plaintiff met with Mrs. Alecia, Mrs. Cuevas and Mariana, Plaintiff spoke with Mrs. Alecia and mentioned to her on how Mrs. Cuevas and Marianna had been spying on her and her staff for four consecutive days from a distance using their vehicles.   Plaintiff further mentioned to Mrs. Alecia how she felt after they had spied on her and her staff stating she felt harassed by them and that it was an invasion of her space. Mrs. Alecia stated that what they did was not right and that was how their culture was. After having just heard her comment regarding our "culture", Plaintiff immediately felt uncomfortable/uneasy and wondered what real knowledge

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

she had about their "culture" when she is White/Caucasian. Plaintiff felt insulted throughout the meeting because she kept repeating herself stating that was how their "culture" was. After their conversation, it is still unclear if Mrs. Alecia spoke with Mrs. Cuevas or Marianna. After this, Mrs. Cuevas and Marianna when conducting site visits would always find something wrong at the center to bring to Plaintiff's attention. This was frequent and ongoing. Plaintiff believed that this frequent continuation was a form of discrimination/harassment/retaliation directed at her as the Center Supervisor.

5.7     On or about December 2018, according to Mrs. Cuevas, a parent anonymously called the Regional Office complaining about the center staff not following the proper loading and unloading procedures. Mrs. Cuevas called Plaintiff to the center to inform her about the parent's concern, and they scheduled a visit to the center on January 7, 2019 to talk to the parents about the concern. A letter was sent to the parents so they could meet with them and discuss any concerns. On that day, Mrs. Alecia and Mrs. Cuevas were at the center waiting for parents to arrive for the meeting with them; however, no parents showed up to this meeting. Regional Office Manager Julissa Acosta, Marianna and Mrs. Cuevas met with the entire center staff to inform and remind us about the parent concerns. Plaintiff, as a Center Supervisor never found out what parent had made the complaint call. After the parent complaint, Julissa Acosta, the Education Manager, would come to the Center and monitor the loading and unloading procedures. Every time she would visit the center and monitor the loading and unloading, something wrong was always noted. The whole month of January, Julissa Acosta monitored us as part of the NPIN. However, every time she would do her site visit, she would find the same things wrong over and over again.

5.8     On or about January 2019, Plaintiff requested to take January 16 – 24, 2019 off for vacation. On January 10, 2019, Plaintiff was advised by Criselda Cuevas, to make sure there

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

would be enough classroom and office coverage during her time off and Julissa Acosta advised that Plaintiff's requested time off had been approved. She requested that Plaintiff inform her team at the center regarding Plaintiff's upcoming absence. The following day, Plaintiff was asked for an action plan during her time away. Plaintiff advised that she had already prepared the staff schedules for the time she would be away and revision of the calendar and that the staff had already been informed. On January 14, 2019, Plaintiff received an email from Julissa Acosta stating that her scheduled days out raised a concern stating there was a total of 6 staff members that would be out. She was denying Plaintiff's days for January 18 – 22nd to ensure center operations ran smoothly. She recommended that Plaintiff take two of her requested days on January 28 – 31st due to small number of staff being out. Plaintiff reminded her that she and Ms. Cuevas, stated that had approved Plaintiff's days off had also stated that they could not deny anyone's requested time off. Regional office personnel were going to be brought in to cover for those staff members scheduled to be out. Plaintiff mentioned to her that because her requested time had been approved, she had already made her flight reservations. On a separate email dated January 14, 2019 at 4:32 pm, Ms. Acosta responded stating that if there was going to be a hardship on the center's operations, the requested time off could be denied; however, she further stated that they would come up with a plan to assure someone from regional office was available to cover during the days off.

     5.9     During the month of February 2019, Mrs. Julissa Acosta continued performing weekly site visits and would be focused on the same things citing us for the same things (loading and unloading, classroom sign in & out, staff sign in & out, transportation paperwork). After Mrs. Acosta's monitoring, she would meet with Plaintiff and informed her about her findings and/or recommendations she had. After leaving Plaintiff the site visit report, Mrs. Acosta would meet

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-1230-B

with Plaintiff's staff and let them know about the findings. Since the findings were the same every time, the staff was already tired of her repetitive findings. The staff was very discouraged by the Education Manager, because as a team, they tried so hard to follow policies and procedures and they would always ensure the children's safety. Parents had not expressed concerns or complaints. The center was running smoothly, but according to the Education Manager staff would fail to follow safety policies and procedures. This continued every week

     5.10    On or about February 14, 2019 Julissa Acosta, Education Manager sent Plaintiff an email to report to the regional office, because she and Mrs. Cuevas needed to meet with her. During this meeting they explained to Plaintiff that she was going to be placed on a Performance Improvement Plan (PIP) and presented her the PIP. Plaintiff didn't appreciate that Mrs. Cuevas mentioned to her that she was not ready to be a leader. Plaintiff immediately felt so uncomfortable and unappreciated after having been working with the migrant head start program for twenty-five years. Suddenly after twenty-five years, they were allegedly having communication problems. On numerous occasions, Plaintiff was being told that they were not understanding what she was trying to get across when communicating with them due to her accent. On the PIP plan presented to Plaintiff, it indicated that there had been an ongoing concern in the lack of clear and open communication between all staff. It referred to the Supervisory Log, however, the log was not provided to Plaintiff for review. Plaintiff strongly believed that Julissa Acosta, Alecia Jackson and Criselda Cuevas had worked together to create the PIP form and that the lack of "clear" communication had to do with Plaintiff's accent and manner of speaking due to ger race (Hispanic) and/or national origin (Mexican) because it had been brought up on previous occasions. According to the PIP, Plaintiff failed to follow Productivity, Teamwork, Violation of Policies and Procedures, Efficiency, Quality, Conduct. Mrs. Cuevas explained to Plaintiff that the PIP was going to be for

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

30 days set to begin on February 15 through March 18, 2019 and the Education Manager Julissa Acosta would be monitoring the center and meeting with Plaintiff one on one on a weekly basis for thirty days. However, due to Ms. Acosta's attending training, they were unable to have their one on one meetings.

5.11    Because they didn't hold a meeting during that timeframe, Mrs. Acosta scheduled one on February 26, 2019 and the other on February 28, 2019. During the one to one meeting, Ms. Acosta explained to Plaintiff that according to PIP and action plans, Plaintiff failed to meet due dates and other action plans. Plaintiff explained to Mrs. Acosta that she had emailed her the information and that all due dates were completed on time; however, Mrs. Acosta still documented that Plaintiff failed to comply with the PIP. On or about February 19, 2019, Plaintiff requested to speak to Mrs. Alecia Jackson, CDI Site Manager. Plaintiff spoke to Mrs. Jackson letting her know how she felt about the PIP and that she felt very intimidated by Mrs. Cuevas and Julissa. Plaintiff explained to her, that she was not getting any support from her Education Manager Julissa and Regional Program Director Ms. Cuevas, and always reminding Plaintiff about the consequences. Plaintiff further stated how she was not giving the opportunity to comply with their job performance requirements. Rather than assisting Plaintiff, they were always citing her with the same things and micromanaging Plaintiff. Mrs. Alecia sent Plaintiff an email about their conversation. Plaintiff wasn't sure if she mentioned their conversation to Ms. Cuevas or Julissa. However, the micromanagement and the accusations became worse against Plaintiff.

5.12    On or about March 1, 2019, Plaintiff received an email from Julissa Acosta requesting she report to regional office by 12:30pm, because she needed to meet with Plaintiff. During their meeting, Mrs. Acosta presented Plaintiff with a training on how to download from the CDI website instructing Plaintiff to sign her employee competencies. During that time, Plaintiff

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-1230-B

learned that Mrs. Cuevas and Alecia visited the center and spoke with some of the staff. Plaintiff felt she had been set up and was removed from the center because they were going to talk to the staff to make complaints against her. Mrs. Julissa Acosta, Plaintiff's Immediate Supervisor told Plaintiff that she and Mrs. Cuevas needed to speak to her. Also present at the meeting via telephone, were Mrs. Alecia and a lady named Brenda. Ms. Brenda explained to Plaintiff the reason they were meeting was due to a staff member(s) having called to the Office of Head Start complaining about Plaintiff. The complaint was that Plaintiff would favor some teaching staff by scheduling them on buses only in the afternoons and not in the mornings. They also mentioned that during one of their last staff meetings, staff mentioned that they were frustrated and tired of Julissa, the Education Manager coming to the center and continuously citing them for repeated offenses. They claimed they had said they were going to write a letter against Julissa and that Plaintiff remained quiet. She explained to Ms. Brenda how the teaching staff came and talked to her about them not being able to do the morning bus route and that if Plaintiff could work with their schedule. Plaintiff explained to her that she had staff stating how they preferred to cover the morning route instead of the afternoon. Plaintiff further explained to her that the staff had mentioned the letter; however, Plaintiff explained to them that they couldn't do that. Therefore, they needed to work together and just continue working as a team. They asked Plaintiff to step out of the office. Plaintiff was called back in after five minutes. After Plaintiff's return, Mrs. Cuevas and Julissa told Plaintiff that she was going to be out on administrative leave for the week of March 4, 2019 and to report back to the regional office on March 8, 2019. Plaintiff received a call on March 8, 2019 from Mrs. Cuevas and Julissa letting her know that as per Mrs. Alecia Jackson's recommendation, Plaintiff was being terminated.

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

5.13    On or about March 8, 2019, Plaintiff was unlawfully terminated by a member of Defendant's management. Plaintiff alleges that there was no legitimate business justification for her termination in that the Plaintiff had always performed a satisfactory job for the Defendant employer during her employment and that there was work available and there continues to be work available which Plaintiff could perform. Plaintiff further asserts and intends to prove that the mistreatment received by her including, but not limited to, harassment, hostile work environment, age (48 DOB:  05/06/1970), race (Hispanic), national origin (Mexican) discrimination, retaliation, among other illegal workplace activity.

## VI.

### Causes of Action - Section 21.051 Discrimination by Employer

**A.    Violations of the Texas Commission on Human Rights Act and the Age Discrimination in Employment Act.**

6.1    Plaintiff re-alleges the allegations contained in Section V, entitled *Factual Background*.

6.2    Plaintiff alleges that she was discriminated against due to her race (Hispanic), national origin (Mexican), and age (48, DOB: 05/06/1970).

6.3    On or about March 8, 2019, Plaintiff was unlawfully terminated/constructively discharged by a member of Defendant's management due to discriminatory reasons and due to the culmination of discriminatory conduct directed against her by the Defendant.

6.4    Plaintiff asserts that a motivating or determining factor in her unlawful termination was because she was discriminated against in violation of the Texas Commission on Human Rights Act (hereinafter the "TCHRA") on account of her race (Hispanic), national origin (Mexican) and age (48, DOB: 05/06/1970).

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

6.5     The Defendant, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff on account of her race (Hispanic), national origin (Mexican) and age (48, DOB: 05/06/1970).As such, Plaintiff, falls within a protected class under the Texas Commission on Human Rights Act ("TCHRA" or "the Act").

*The Texas* Commission *on Human Rights Act* provides *as* follows:

### Section 21.051 Discrimination by Employer:

An employer commits an unlawful employment practice if because of *race*, color, disability, religion, sex, *national origin*, or *age*, the employer:

1.     *Fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment;* or

2.     *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an *individual of any employment opportunity or adversely affect in any other manner the status of the employee.*

(Vernon's 2013)(Emphasis added).

6.6     Further, Plaintiff alleges that the wrongful termination by the Defendant employer was a form of retaliation because of her complaints of discrimination and wrongful termination. Such actions are prohibited by an employer as follows:

### Section 21.055, Retaliation

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:

1.     *Opposes discriminatory practice;*

2.     Makes or files a charge;

3.     Files a complaint; or

4.     Testifies, assists or participates in any manner in an investigation, proceeding or hearing.

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-1230-B

(Vernon's 2013)(Emphasis added).

6.7     As a result of the discriminatory treatment, her ultimate termination and/or the acts

described herein, Plaintiff has suffered damages as further alleged in this Petition.

## VII.
## Actual Damages

7.1     As a result of the incident made the basis of this suit, Plaintiff has incurred damages

in the following respects:

### A.     Lost Earnings and Special Damages

7.2     At the time of the incident complained of, Plaintiff was gainfully employed.  As a

proximate result of the wrongful conduct and corresponding acts of the Defendant employer,

Plaintiff was unable to attend to her occupation and thereby suffered a loss of income for which

she hereby sues.  As a result of the wrongful conduct and corresponding acts of the Defendant

employer, the Plaintiff's earnings, retirement and capacity to earn a livelihood were severely

impaired.  In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity

will continue long into the future, if not for the balance of the Plaintiff's natural life.  Plaintiff

therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement

benefits, and fringe benefits, lost future earnings and/or diminished earning capacity to the extent

permitted by law due to the acts complained of above.

### B.     Past and Future Mental Anguish

7.3     As a result of the incident described above, that is made the basis of this suit,

Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, loss

of enjoyment of life, mental anguish and other hedonic damages.   The Plaintiff has suffered

feelings of anxiety, worthlessness, embarrassment, and inferiority. The Plaintiff has further

suffered ill-health effects including, but not limited to, agitation, restlessness, sleeplessness,

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

depression and/or loss of self-esteem due to the discriminatory treatment and/or her illegal termination or wrongful discharge. In all reasonable probability, Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages for a long time into the future, if not for the balance of her natural life.

## VIII.
### Attorney's Fees

8.1    By reason of the allegations of this petition and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that she has employed the undersigned attorney to assist her in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the *lodestar* amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant employer will appeal this case. Plaintiff seeks attorney's fees to compensate the plaintiff for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## IX.
### Exemplary Damages

9.1    The conduct of the Defendant, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-1230-B

Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and their management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

## X.
## Demand for Trial by Jury

10.1    Plaintiff, by and through her attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee ($40.00) with the County Clerk of Hidalgo County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **NARCISA TREVINO** prays that this Honorable Court grant the following:

(1)    Judgment against the Defendant employer, **COMMUNITY DEVELOPMENT INSTITUTE HEAD START**;

(2)    Attorney's fees;

(3)    Pre-judgment interest allowed by law;

(4)    Interest on said judgment at the legal rate from the date of judgment;

(5)    For costs of suit herein; and

(6)    For such other and further relief at law or in equity to which the Plaintiff may show herself justly entitled to receive and for which she shall forever pray.

Electronically Submitted
3/3/2020 6:52 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-1230-B**

Respectfully submitted,

**THE LAW OFFICES OF
CINDY A. GARCIA, P.C.**
200 N. 12th Ave., Suite 102
Edinburg, Texas 78541-3503
Telephone: (956) 412-7055
Facsimile: (956) 412-7105
thegarcialawfirm@gmail.com
cluna.garcialaw@gmail.com

By: /s/cindy a. garcia
Cindy A. Garcia
State Bar No. 07631710

**ATTORNEY FOR PLAINTIFF
NARCISA TREVINO**

CL-20-1230-B

# EXHIBIT
## "A"

# Notice of Dismissal & Right to File Civil Action

Narcisa Trevino
v.
Community Development
Institute Head Start

DocuSign Envelope ID: 420E456A-D18F-4329-9137-4A23FF3B2388



Narcisa Trevino
P. O Box 1647
Progreso, TX 78579

## NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

Narcisa Trevino v. COMMUNITY DEVELOPMENT INSTITUTE HEAD START

| TWCCRD Charge No. | EEOC Charge No. | TWCCRD Representative: |
|---|---|---|
| 1A19798 | 31C-2019-00902 | Lynda G. Pringle |

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]   The Respondent employs less than the required number of employees or not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]   The TWCCRD issues the following determination: Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   **Other: Notice of Right to File Civil Action**

DocuSign Envelope ID: 420E456A-D18F-4329-9137-4A23FF3B2388

## CL-20-1230-B

**Narcisa Trevino v. COMMUNITY DEVELOPMENT INSTITUTE HEAD START**
**TWCCRD Charge No: 1A19798**
**EEOC Charge No. 31C-2019-00902**

### NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION. The time limit for filing suit based on a federal claim may be different.

### EEOC REVIEW NOTICE:

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 20

On behalf of the Division

Bryan Snoddy
Division Director

Date  1/7/2020

cc:

Brenda Jordahl
COMMUNITY DEVELOPMENT INSTITUTE HEAD START
10065 E. Harvard Avenue, Ste. 700
Denver, CO 80231

Cindy A. Garcia
GARCIA LAW GROUP
1113 Nightingale Avenue
McAllen, TX 78504

Electronic Record and Signature Disclosure

**CL-20-1230-B**



## Certificate Of Completion

Envelope Id: 420E456AD18F432991374A23FF3B2388                                      Status: Completed
Subject: Please View: Narcisa Trevino v. COMMUNITY DEVELOPMENT INSTITUTE HEAD START
docSeqId:
docType:
Source Envelope:
Document Pages: 4                          Signatures: 0                          Envelope Originator:
Certificate Pages: 5                       Initials: 0                            Wendy Catalan
AutoNav: Enabled                                                                  101 E. 15th Street, Room 0154-B
EnvelopeId Stamping: Enabled                                                      Austin, TX  78778
Time Zone: (UTC-06:00) Central Time (US & Canada)                                 wendy.catalan@twc.state.tx.us
                                                                                  IP Address: 204.65.0.21

## Record Tracking

Status: Original                   Holder: Wendy Catalan                   Location: DocuSign
         1/13/2020 1:41:40 PM              wendy.catalan@twc.state.tx.us

| Signer Events | Signature | Timestamp |
|---|---|---|

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

**Certified Delivery Events** — Status — Timestamp

Cindy A. Garcia
thegarcialawfirm@gmail.com                  **VIEWED**                  Sent: 1/13/2020 1:43:25 PM
Security Level: Email, Account Authentication                           Viewed: 1/13/2020 2:26:51 PM
(None)
                                            Using IP Address: 67.78.121.34

Electronic Record and Signature Disclosure:
    Accepted: 11/9/2018 11:34:13 AM
    ID: 8bc375fb-dbb7-4683-9fa0-0817ce7a8f2f

**Carbon Copy Events** — Status — Timestamp

Brenda Jordahl
bjordahl@cditeam.org                        **COPIED**                  Sent: 1/13/2020 1:43:25 PM
Security Level: Email, Account Authentication
(None)
Electronic Record and Signature Disclosure:
    Not Offered via DocuSign

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/13/2020 1:43:25 PM |
| Certified Delivered | Security Checked | 1/13/2020 2:26:51 PM |
| Completed | Security Checked | 1/13/2020 2:26:51 PM |

CL-20-1230-B

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 78539
02 4W
0000372542 OCT 23 202

$ 007.05